Stephen H.M. Bloch (# 7813)
Laura Peterson (# 16135)
Hanna Larsen (# 18548)
SOUTHERN UTAH WILDERNESS ALLIANCE
425 East 100 South
Salt Lake City, Utah 84111
Telephone: (801) 486-3161
steve@suwa.org
laura@suwa.org
hanna@suwa.org

Attorneys for Proposed Defendant-Intervenor
Southern Utah Wilderness Alliance

## IN THE UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BLUERIBBON COALITION, INC. *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BUREAU OF LAND MANAGEMENT, *et al.*, <br><br> Defendants, <br><br> and <br><br> SOUTHERN UTAH WILDERNESS ALLIANCE, <br><br> Proposed Defendant-Intervenor. | Case No. 2:23cv923-DAK-JCB <br><br> **SUWA REPLY TO PLAINTIFFS' MEMORANDUM IN OPPOSITION TO MOTION TO INTERVENE** <br><br> Judge Dale A. Kimball <br> Magistrate Judge Jared C. Bennett |

## INTRODUCTION

The issue for the Court to decide here is straight forward and guided by well-established

Tenth Circuit precedent. Southern Utah Wilderness Alliance (SUWA) filed a Motion to

Intervene in response to Plaintiffs' lawsuit challenging the Bureau of Land Management's (BLM) Labyrinth Rims/Gemini Bridges Travel Management Plan (TMP). Plaintiffs' complaint asks this Court to "[h]old unlawful and set aside the Labyrinth/Gemini Bridges Travel Management Plan" and issue a permanent injunction against Federal Defendants from enforcing the plan.[1] Plaintiffs oppose SUWA's Motion to Intervene. Federal Defendants do not oppose SUWA's intervention, but rather take no position on the motion.[2] Plaintiffs acknowledge that SUWA's motion is timely, and thus concede that SUWA's intervention would not result in delay or prejudice.[3] Plaintiffs instead argue that SUWA has not shown an interest sufficient to intervene and that it is adequately represented by the Federal Defendants.[4] Plaintiffs' objections are easily resolved. SUWA has met each of Federal Rule 24(a)'s requirements. Pursuant to Rule 24(a) and Tenth Circuit precedent, SUWA is entitled to intervene as of right.

## ARGUMENT

### I. SUWA Has Demonstrated a Legally Protectable Interest Sufficient to Support Intervention Under 24(a).

Plaintiffs claim that SUWA has not demonstrated an interest and instead asserted "generalized concerns and focused on proposed legislation," and further argue that SUWA has not shown how it would be affected by the litigation.[5] These claims are both inaccurate and ignore the Declarations of Ray Bloxham and Jack Hanley that SUWA filed in support of its

---

[1] Compl. 21-22 (ECF No. 1)
[2] *See* SUWA Mot. to Intervene 1 (ECF No. 15).
[3] *See Utah Ass'n of Cntys. v. Clinton* (*UAC*), 255 F.3d 1246, 1250 (10th Cir. 2001) ("The requirement of timeliness is . . . a guard against prejudicing the original parties by the failure to appear sooner.") (citation omitted).
[4] *See* Blue Ribbon Coal. et al. Mem. in Opp'n to SUWA Mot. to Intervene 6 (ECF No. 26) (hereinafter "BRC Opp'n").
[5] *Id.* at 8-9.

Motion to Intervene and which detail SUWA's decades-long interest and work to protect the greater Labyrinth Rims/Gemini Bridges area.[6]

As an initial matter, "[t]he *interest* element [of Rule 24(a)] is a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process;" it is not a high threshold, but rather a practical one meant to bring all parties with an interest into the litigation.[7] Here, SUWA has a protectable interest that "would be impeded by the disposition of the action."[8]

SUWA is dedicated to the protection and preservation of wilderness-quality lands in Utah.[9] It works to prevent damage to natural and cultural resources, including preventing and minimizing damage from off-road vehicles (ORVs).[10] SUWA and its members regularly visit the public lands within the Labyrinth Rims/Gemini Bridges Travel Management Area and have been harmed by ORV use and attendant damage from that use, including harm to their recreational, aesthetical, scientific and information interests.[11] SUWA has persistently advocated for BLM to prevent and minimize damage from ORVs within the Labyrinth Rims/Gemini Bridges area.[12]

---

[6] *See* SUWA Mot. to Intervene Ex. 1 (Bloxham Decl.) and Ex. 4 (Hanley Decl.).
[7] *See WildEarth Guardians v. Nat'l Park Serv.*, 604 F.3d 1192, 1198 (10th Cir. 2010) (internal quotation marks omitted) (emphasis in original). *See also UAC*, 255 F.3d at 1251-52 (quoting *Coal. of Ariz./N.M. Cntys. for Stable Econ. Growth v. Dep't of Interior*, 100 F.3d 837, 841 (10th Cir. 1996)) (same).
[8] *W. Energy All. v. Zinke*, 877 F.3d 1157, 1165 (10th Cir. 2017) (internal quotation marks and citation omitted).
[9] SUWA Mot. to Intervene 5-6, 7; Bloxham Decl. ¶¶ 4-5. *See also Zinke*, 877 F.3d at 1165 ("With respect to Rule 24(a)(2), we have declared it indisputable that a prospective intervenor's environmental concern is a legally protectable interest.") (citation omitted).
[10] SUWA Mot. to Intervene 5-6, 7; Bloxham Decl. ¶¶ 4, 9; Hanley Decl. ¶¶ 4, 7-12.
[11] SUWA Mot. to Intervene 7; Bloxham Decl. ¶¶ 7-8, 10-15; Hanley Decl. ¶¶ 2, 7-13.
[12] SUWA Mot. to Intervene 5-6, 7; Bloxham Decl. ¶ 9. *See Zinke*, 877 F.3d at 1165 (affirming that conservation groups' "record of advocacy for the protection of public lands and a

SUWA challenged the 2008 Moab Resource Management Plan and step-down travel management plan that blanketed the area with ORV routes—litigation that ultimately led to the travel plan at issue here.[13] SUWA engaged in BLM's Labyrinth Rims/Gemini Bridges travel planning process, submitting comments at the scoping, preliminary alternatives, and draft plan phases and encouraging its members to do the same.[14] SUWA's stewardship program enlists volunteers and works with BLM to rehabilitate and prevent damage from ORV use in the Labyrinth Rims/Gemini Bridges area.[15] The declarations of SUWA members Ray Bloxham and Jack Hanley detail particular harms that motorized use in this area has caused.[16] BLM's final travel plan closes certain routes to ORVs where that use has been shown to, among other things, damage natural and cultural resources.[17]

Taken together, SUWA's environmental concern, work to protect public lands within the Labyrinth Rims/Gemini Bridges area and persistent record of advocacy for the protection of these lands from motorized vehicle damage, is more than sufficient to demonstrate its interest under Rule 24(a).[18] Further, an order by this Court invalidating the plan would revive the harms

---

demonstrated concern for the damage to public lands caused by oil and gas development" was sufficient to support intervention as of right) (internal quotation marks omitted).
[13] SUWA Mot. to Intervene 9; Bloxham Decl. ¶ 9.
[14] SUWA Mot. to Intervene 5-6, 7. Bloxham Decl. ¶ 9.
[15] SUWA Mot. to Intervene 7; Hanley Decl. ¶¶ 3-12.
[16] Bloxham Decl.¶¶ 8; 10-15; Hanley Decl. ¶¶ 7-13.
[17] Bloxham Decl. ¶¶ 7-8, 15; Hanley Decl. ¶¶ 7-13.
[18] *See Zinke*, 877 F.3d at 1165; *UAC*, 255 F.3d at 1252; *Coal. of Ariz./N.M. Cntys.*, 100 F.3d at 840-842.

prevented by the Labyrinth Rims/Gemini Bridges travel plan and thus impair SUWA's interests.[19]

### II.     Federal Defendants Do Not Adequately Represent SUWA's Interests.

Plaintiffs allege that Federal Defendants adequately represent SUWA's interests in the litigation, citing to public statements noting that SUWA supports the finalized Labyrinth Rims/Gemini Bridges travel plan.[20] Plaintiffs misapprehend the test for adequacy of representation under Rule 24(a). The relevant question is not whether SUWA and Federal Defendants have the same litigation objective, but rather whether Federal Defendants can represent SUWA's focused interests in wilderness protection.[21] Federal Defendants cannot.

The burden to show that Federal Defendants do not adequately represent SUWA's interest is minimal; SUWA "must show only the possibility that representation may be inadequate."[22] The Tenth Circuit has repeatedly held that government representation of the wider public interest "cannot be assumed to be identical to the individual parochial interest of a

---

[19] Bloxham Decl. ¶¶ 14-15; Hanley Decl. ¶¶ 13-14. *See also* SUWA Mot. to Intervene 8. Plaintiffs make only a passing argument that SUWA's interests would not be impaired, contending that SUWA has no interest in the first place. BRC Opp'n 8-9.
[20] BRC Opp'n 6-7.
[21] *See, e.g.*, *WildEarth Guardians,* 604 F.3d at 1200 ("We have repeatedly recognized that it is on its face impossible for a government agency to carry the task of protecting the public's interest and the private interests of a prospective intervenor.") (internal quotation marks omitted); *Coal. of Ariz./N.M. Cntys.*, 100 F.3d at 845 (same). Plaintiffs' reliance on *San Juan County v. United States*, 503 F.3d 1163 (10th Cir. 2007) (en banc), regarding the adequacy of representation prong is inapposite here given the peculiarities of intervention in the Quiet Title Act context and the Circuit's focus in that appeal on the issue of title—but not scope—to an alleged right-of-way. *See* BRC Opp'n 7. *Cf. Kane Cnty. v. United States*, 928 F.3d. 877, 894-95 (10th Cir. 2019) (focusing on scope of rights-of-way and finding inadequate representation in Quiet Title Act case where government's "broad-ranging" interests were not identical to SUWA's narrower interests).
[22] *WildEarth Guardians*, 604 F.3d at 1200.

5

particular member of the public merely because both entities occupy the same posture in the litigation."[23] That is the case here as well. SUWA and Federal Defendants do not have identical interests. In the context of travel planning, BLM has to consider a broad spectrum of views, must generally manage lands under multiple use requirements and must comply with regulations requiring the agency to minimize damage to natural and cultural resources.[24] SUWA, on the other hand, is particularly focused on protecting wilderness-quality lands and preventing damage to natural and cultural resources.[25] Moreover, throughout the planning process, SUWA advocated for BLM to close additional routes in proposed wilderness.[26] The agency declined to do so, instead selecting an alternative "that maintained more mileage for motorized access in the TMA."[27]

In sum, Federal Defendants and SUWA do not have identical interests and thus Federal Defendants cannot represent SUWA's focused interest in the litigation.

---

[23] *Zinke*, 877 F.3d at 1168 (quoting *UAC*, 255 F.3d at 1255-56). *See also Coal. of Ariz./N.M. Cntys.*, 100 F.3d at 845-46 (listing cases where courts held that governments would not adequately represent intervenor's interests because of the government's duty to represent the interests of the general public).

[24] Bureau of Land Mgmt., *Decision Record, Labyrinth/Gemini Bridges Travel Management Plan*, DOI-BLM-UT-Y010-2020-0097-EA 5 (Sept. 2023) (Decision Record).

[25] Bloxham Decl. ¶¶ 4-5.

[26] *See, e.g.*, SUWA, Action Alert, *Help Save Labyrinth Canyon: Comments Due October 21st!*, https://suwa.org/labyrinth-canyon-and-gemini-bridges-need-your-help/ (asking members and supporters to submit comments on the travel plan encouraging BLM to select Alternative B). BLM's Alternative B would have closed 437.8 miles of ORV routes in the travel management area. Decision Record at 5. The final plan only closed 317 miles of routes. *Id.*

[27] Decision Record at 5. *See Zinke*, 877 F.3d at 1168 ("If the agency and the intervenors would only be aligned if the district court ruled in a particular way, then a possibility of inadequate representation exists.").

## CONCLUSION

SUWA's Motion to Intervene is easily resolved. SUWA has a legally-protectable interest in the litigation that would be impaired by a decision setting aside or remanding the Labyrinth Rims/Gemini Bridges travel plan and SUWA's interests are not adequately represented by Federal Defendants. Accordingly, SUWA has met the standard to intervene as of right pursuant to Rule 24(a). SUWA respectfully requests that the Court grant its Motion to Intervene.

Respectfully Submitted this 16th day of January, 2024.

/s/ *Laura Peterson*
_____

Laura Peterson
Stephen Bloch
Hanna Larsen

Attorneys for Proposed Defendant-Intervenor
Southern Utah Wilderness Alliance