TODD KIM
Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

PAUL A. TURCKE
Trial Attorney
Natural Resources Section
1290 West Myrtle Street, Suite 500
Boise, ID 83702
Tel: (202) 532-5994
paul.turcke@usdoj.gov

*Attorneys for Defendants*

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BLUERIBBON COALITION, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> U.S. BUREAU OF LAND MANAGEMENT, et al., <br><br> Defendants, <br><br> and <br><br> SOUTHERN UTAH WILDERNESS ALLIANCE, et al., <br><br> Defendant-Intervenors. | Case No. 2:23-cv-00923-DAK-JCB <br><br> **DEFENDANTS' MOTION TO TRANSFER RELATED CASE AND MEMORADUM IN SUPPORT** <br><br><br> Judge Dale A. Kimball <br> Magistrate Judge Jared C. Bennett |

Defendants U.S. Bureau of Land Management (collectively, "Defendants") hereby move in accordance with DUCivR 83-2(g) to transfer *State of Utah v. Haaland*, No. 4:24-cv-00046-PK, to the judge(s) assigned to the above-captioned case. Defendants are filing this motion in

the lower-numbered case and filing a notice of the motion in *State of Utah*. Counsel have conferred, and Plaintiffs in *State of Utah* have indicated they oppose this motion.

DUCivR 83-2(g) addresses "transfer of related case" and provides:

> Whenever 2 or more related cases are pending before different judges of this court, any party to the later-filed case may file a motion and proposed order to transfer the case to the judge with the lower-numbered case. To determine whether the case should be transferred, the court may consider the following factors:
>
> (1) Whether the cases arise from the same or a closely related transaction or event;
>
> (2) Whether the cases involve substantially the same parties or property;
>
> (3) Whether the cases involve the same patent, trademark, or copyright;
>
> (4) Whether the cases call for a determination of the same or substantially related questions of law and fact;
>
> (5) Whether the cases would entail substantial duplication of labor or unnecessary court costs or delay if heard by different judges;
>
> (6) Whether there is risk of inconsistent verdicts or outcomes;
>
> (7) Whether the motion has been brought for an improper purpose; or
>
> (8) Other factors as provided by case law.

DUCivR 83-2(g). The Rule further instructs that "[t]he motion to transfer must be filed in the lower-numbered related case, and a notice of the motion must be filed in the case in which transfer is sought[,]" and that "judges assigned to the cases will confer about the appropriateness of the requested transfer" but ultimately "the motion must be decided by the judge assigned to the lower-numbered case[.]" *Id*. The provisions of DUCivR 83-2(g) are consistent with "the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants" and the Rule identifies relevant "competing interests" for the Court to consider in conducting its contemplated "exercise of

judgment." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *see also Pet Milk Co. v. Ritter,* 323 F.2d 586, 588 (10th Cir.1963).

Each relevant factor favors transfer.[1] First, both cases challenge the same agency action – the September 2023 Labyrinth/Gemini Bridges Travel Management Plan (the "TMP"). *Compare* Compl. ¶¶ 5-6 (characterizing suit as challenging the TMP "which closes over 300 miles of previously available routes" adopted through a Decision Record ("DR"), supported by a Final Environmental Assessment and Finding of No Significant Impact), No. 2:23-cv-00923-DAK-JCB, Dkt. 1 ("BlueRibbon Compl.") *with* Compl. ¶¶ 3-4 (introducing action against TMP DR that "closed motorized access to 317.2 miles of existing motorized routes"), No. 4:24-cv-00046-PK, Dkt. 1 ("Utah Compl."). Both suits request the same relief. *Compare* BlueRibbon Compl. 21 (prayer for relief requesting that the Court "[h]old unlawful and set aside" the TMP), *with* Utah Compl. 43-44 (prayer for relief requesting that the Court "[d]eclare unlawful and set aside the DR"). Factor (2) similarly favors transfer – both cases involve the same Travel Management Area property and challenge closures of the same routes. *Id*. And because the cases involve the same agency action they involve the same agency defendants. *Compare* BlueRibbon Compl. ¶¶ 15-16 *with* Utah Compl. ¶¶ 33-36.

Both cases will require "a determination of the same or substantially related questions of law and fact." DUCivR 83-2(g)(4). Both actions challenge the same agency decision. The Administrative Procedure Act provides the relevant waiver of sovereign immunity in both cases, stating that "any 'person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review

---

[1] Factor (3) under the Rule is not applicable and there does not appear any need to address factors (7) and (8) in deciding this motion.

3

thereof.'" *Biodiversity Conservation All. v. Jiron*, 762 F.3d 1036, 1059 (10th Cir. 2014) (quoting 5 U.S.C. § 702). In determining whether to set aside the challenged agency action the reviewing court will be required to apply the "arbitrary and capricious" standard which addresses whether "the agency 'relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or if the agency action is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.'" *BlueRibbon Coal., Inc. v. Bureau of Land Mgmt.*, No. 2:23-CV-923-DAK-JCB, 2024 WL 1197862, at *6 (D. Utah Mar. 20, 2024) (unpublished) (quoting *W. Watersheds Proj. v. Haaland*, 69 F.4th 689, 700 (10th Cir. 2023)). "The focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973). And the administrative record "consists of all documents and materials directly or indirectly considered by the agency" in making the challenged decision. *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 739 (10th Cir. 1993). Here, because the two actions both challenge the same agency decision, both cases will require the production and review of the same administrative record. The reviewing court will then be required to apply the same standard of review in reviewing the same administrative record.

In light of the foregoing, there is additionally a likelihood that having the two cases assigned to different judges will "entail substantial duplication of labor[.]" DUCivR 83-2(g)(5). The *BlueRibbon* Plaintiffs moved for a preliminary injunction, which necessitated the Court becoming familiar with foundational aspects of the administrative record, conducting an in-person hearing, and issuing a written decision addressing all four factors of the preliminary injunction standard. *See BlueRibbon Coal.*, 2024 WL 1197862.

4

Militating strongly in favor of transfer is the "risk of inconsistent verdicts or outcomes" should the two cases proceed before different judges.  DUCivR 83-2(g)(6).  The cases challenge the same agency action(s) adopting the TMP, and both seek a judgment declaring unlawful and setting aside the TMP.  Both plaintiffs initially petitioned for review and a stay of BLM's decision before the Interior Board of Land Appeals.  *See* BlueRibbon Compl. ¶ 25; Utah Compl. ¶¶ 62-64.  In a consolidated November 2023 decision, the Board denied these petitions for stay, along with that of an additional petitioner group.  *See* BlueRibbon Compl. Ex. F, No. 2:23-cv-00923-DAK-JCB, Dkt. 1-13.  In fact, yet a fourth appeal from the TMP has been docketed before the Board by petitioners who did not seek a stay.  *Id*. at 2.  The absence of transfer will thus create a scenario whereby varying configurations of at least two plaintiff groups, and as many as four, might ply their cases before different jurists in the District of Utah in the hopes that a favorable decision in any one case will universally benefit them by setting aside the complained of TMP.  Even with only two suits pending, transfer will serve the "interests of justice" and "will allow the same judicial officer to decide the overlapping issues of law and fact asserted in the two lawsuits, thereby promoting judicial efficiency and avoiding a risk of inconsistent rulings."  *GemCap Lending I, LLC v. BancCentral Nat'l Ass'n*, No. 19-2481-DDC-KGG, 2019 WL 5310249, at *3 (D. Kan. Oct. 21, 2019) (unpublished).

The Court's recent decision denying a motion to transfer involving different BLM travel management decisions is distinguishable, and insightful.  There, the Court found that the two cases in question were not both pending as contemplated by the Rule, because in the lower-numbered case "the court merely approved the parties' settlement . . . and it is no longer pending."  Order Denying Mot. to Transfer Case 2, *S. Utah Wilderness All. v. Bureau of Land Mgmt.*, No. 2:21-cv-00091-DAK, Dkt. 66 (June 12, 2024).  The Court was also hesitant of a

5

perception that "[m]aking one judge the designated judge over travel management plans would interfere with the random assignment system the court employs." *Id.*; *see also Allegis Inv. Servs., LLC v. Arthur J. Gallagher & Co*, No. 2:17-cv-00515-DAK, 2017 WL 6512240, at *4-5 (D. Utah Dec. 19, 2017) (unpublished) (declining transfer based on "little risk of inconsistent outcomes" where legal claims were based on separate insurance policies "turn[ing] on the intent of parties" under differing state law, with "no overlap among the defendants"). These considerations do not apply here. The *BlueRibbon* and *State of Utah* cases are not only both pending, but the Court has engaged the substance of the dispute in *BlueRibbon* by virtue of its motion for a preliminary injunction. Any concerns implicating the integrity of the random assignment system support transfer here, because at best the *State of Utah* plaintiffs are simply ignoring *BlueRibbon* by seeking a second judicial assignment, or, even worse, are trying to disrupt the outcome of random assignment in *BlueRibbon*.[2]

For the foregoing reasons, the Court should grant Defendants' motion and transfer *State of Utah* to the judge(s) hearing the lower numbered *BlueRibbon* case.

Respectfully submitted this 21st day of June 2024.

        TODD KIM
        Assistant Attorney General
        United States Department of Justice
        Environment & Natural Resources Division

---

[2] The *State of Utah* plaintiffs did not acknowledge the pendency of *BlueRibbon*, but instead attempted to relate their challenge to the Labyrinth TMP to a 2012 case involving asserted R.S. 2477 rights-of-way in Grand County and beyond. *See* Civil Cover Sheet § VIII, *State of Utah*, No. 4:24-cv-00046-PK, Dkt. 2; *but see Williams v. Bankert*, No. 2:05CV503DAK, 2007 WL 3053293, at *7 (D. Utah Oct. 18, 2007) ("The BLM was not obligated to resolve R.S. 2477 issues as a part of the Travel Plan. The Travel Plan has not precluded a finding on these rights-of-way, and Defendants acknowledge that the Travel Plan can be amended if the rights-of-way are demonstrated.").

       */s/ Paul A. Turcke*
PAUL A. TURCKE, Trial Attorney
Natural Resources Section
1290 West Myrtle Street, Suite 500
Boise, ID 83702
Tel: (202) 532-5994
paul.turcke@usdoj.gov

*Attorneys for Defendants*