# THE UNITED STATES DISTRICT COURT
# DISTRICT OF UTAH

| | |
|---|---|
| **BLUERIBBON COALITION, INC.**, *et al.*, and **STATE OF UTAH**, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **U.S. BUREAU OF LAND MANAGEMENT**, *et al.*, <br><br> Defendants, <br><br> and <br><br> **SOUTHERN UTAH WILDERNESS ALLIANCE,** <br><br> Intervenor-Defendant. | **SCHEDULING ORDER IN CONSOLIDATED ADMINISTRATIVE CASES UNDER DUCivR 7-4** <br><br> Case No. 2:23-cv-00923-DAK-JCB (lead) <br> Case No. 4:24-cv-00046-DAK-JCB <br><br> **District Judge Dale A. Kimball** <br> **Magistrate Judge Jared C. Bennett** |

Pursuant to Rule 7-4(c) of the Local Rules of Civil Practice of the United States District Court for the District of Utah, the parties submit this Joint Motion for Administrative Appeal Scheduling Order.[1] The court previously addressed items I-IV below prior to consolidation in *BlueRibbon Coalition*, No. 23-cv-00923-DAK-JCB,[2] and the parties now seek to reconcile (and

---

[1] ECF No. 64, No. 2:23-cv-00923-DAK-JCB.
[2] ECF No. 50, No. 2:23-cv-00923-DAK-JCB.

modify) that schedule while setting a schedule in *State of Utah*, No. 4:24-cv-00046-DAK-JCB to govern further proceedings in these consolidated cases.

I.  **Agency Decision Challenged**

Both Plaintiffs groups challenge Defendant United States Bureau of Land Management's ("BLM") September 2023 Decision Record ("DR") adopting the Labyrinth/Gemini Bridges Travel Management Plan ("TMP"), which designated 810.5 miles of routes as open for motorized use and closed 317.2 miles to motorized use within the Labyrinth/Gemini Bridges Travel Management Area.

II. **Plaintiffs' Grounds for Challenging Agency Decision**

The Utah Plaintiffs claim the TMP and DR unlawfully: (1) violate the Administrative Procedure Act, 5 U.S.C. §§ 701-706 ("APA"), by impairing Plaintiffs' ability to conduct discovery on routes involved in other litigation; (2) impair access to State-owned lands; (3) violate the Federal Land Policy Management Act, 43 U.S.C. § 1701, *et seq*. ("FLPMA"), by failing to sufficiently allow for Governor's consistency review; (4) violate FLPMA's multiple use mandate; (5) violate FLPMA by establishing de facto wilderness management; (6) violate the National Historic Preservation Act, 54 U.S.C. § 100101, by failing to evaluate the eligibility of certain TMP routes for inclusion in the National Register of Historic Places; and (7) violate the APA through the BLM Deputy Director's alleged conflict of interest.[3]

---

[3] ECF No. 1, No. 4:24-cv-00046-DAK-JCB.

### III. Agency's Reasons in Support of Agency Decision

Federal Defendants deny that BLM's decision and agency action to approve the Labyrinth/Gemini Bridges TMP and DR "is arbitrary and capricious, not supported by substantial evidence, or otherwise contrary to law."[4] Federal Defendants plead the following affirmative defenses: (1) Plaintiffs fail to state a claim upon which relief may be granted, (2) Plaintiffs lack standing to bring all or some of their claims; (3) Plaintiffs have failed to properly establish subject matter jurisdiction; and (4) Plaintiffs have failed to demonstrate that all or some of their claims are ripe for judicial review.[5]

Intervenor-Defendant likewise denies that the TMP and DR was arbitrary, capricious or otherwise contrary to law.[6] Defendant-Intervenor also raises the following affirmative defenses: (1) Plaintiffs fail to state a claim upon which relief may be granted for all or some of the claims in the Complaint; (2) All or some of Plaintiffs' claims in the Complaint are not ripe; and (3) Plaintiffs lack subject matter jurisdiction for all or some of the claims in the Complaint.[7]

### IV. Filing Dates of Relevant Documents

The court HEREBY VACATES the Order to Propose Schedule in Case No. 4:24-cv-00046,[8] and enters the following schedule to govern further proceedings in these consolidated cases.

---

[4] ECF No. 27, No. 4:24-cv-00046-DAK-JCB.
[5] *Id.*
[6] ECF No. 28, No. 4:24-cv-00046-DAK-JCB.
[7] *Id.*
[8] ECF No. 26.

a. The Administrative Record was lodged with the court on June 21, 2024,[9] which shall be the focal point of judicial review in both cases. There is no need to calendar proceedings to address conferral upon or supplementation of the Administrative Record.

b. Plaintiffs' Opening Briefs: **September 6, 2024.**

c. Federal Defendants' Response Brief: **November 5, 2024.** Federal Defendants shall file a single consolidated Response Brief addressing Plaintiffs' Opening Briefs in both cases. As a result, the page limit in DUCivR 7-4(d)(4) is extended to 20,000 words.

d. Intervenor-Defendant's Response Brief: **November 19, 2024**. Intervenor-Defendant shall file a single consolidated Response Brief addressing Plaintiffs' Opening Briefs in both cases, which shall strive to not be duplicative of the Federal Defendants' Response Brief. The page limit in DUCivR 7-4(d)(4) is extended to 16,500 words.

e. Plaintiffs' Reply Briefs: **December 20, 2024.** The page limit in DUCivR 7-4(d) is extended to 9,750 words for each Reply Brief.

f. The parties agree not to oppose a reasonable request for further extension of page limits as may become necessary upon preparation of any of the above-described briefs.

---

[9] ECF No. 55, No. 2:23-cv-00923-DAK-JCB.

IT IS SO ORDERED.

DATED this 30th day of July 2024.

                BY THE COURT:

                JARED C. BENNETT
                United States Magistrate Judge