ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

PAUL A. TURCKE
Trial Attorney
Natural Resources Section
1290 West Myrtle Street, Suite 500
Boise, ID 83702
Tel: (202) 532-5994
paul.turcke@usdoj.gov

*Attorneys for Federal Defendants*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BLUERIBBON COALITION, INC., *et al.*,<br><br>and<br><br>STATE OF UTAH, *et al.*,<br><br>  Plaintiffs,<br><br>v.<br><br>U.S. BUREAU OF LAND MANAGEMENT, *et al.*,<br><br>  Defendants,<br><br>and<br><br>SOUTHERN UTAH WILDERNESS ALLIANCE,<br><br>  Intervenor-Defendant. | Case Nos.  2:23-cv-00923-DAK (lead)<br>         4:24-cv-00046-DAK<br><br><br>**DEFENDANTS' MOTION TO CONTINUE ORAL ARGUMENT**<br><br><br><br>District Judge Dale A. Kimball<br>Magistrate Judge Jared C. Bennett |

These consolidated cases challenge the U.S. Bureau of Land Management ("BLM") Labyrinth/Gemini Bridges Travel Management Plan ("TMP"). The parties' merits briefs have been filed, and the Court has scheduled oral argument by videoconference for May 22, 2025 (Dkt. 85). Defendants hereby move to continue oral argument for not less than 90 days. The requested continuance would aid judicial economy by ensuring that the Court's further evaluation of the case will benefit from the considered views of Defendants following the change in administration and any further developments that could affect aspects of the dispute between the parties. Plaintiffs do not oppose this motion, but Intervenor-Defendant Southern Utah Wilderness Alliance has indicated it will file a response in opposition.

The TMP is one of a series of actions spanning six Utah BLM field offices relating to a dispute arising in 2008. *See* Mem. Decision and Order, Dkt. 48, 2024 WL 1197862, at *1 (D. Utah March 20, 2024). The underlying dispute was resolved "through a settlement agreement that this court approved, and the Tenth Circuit affirmed." *Id*. The TMP reflects BLM's ongoing effort to address the framework and schedule for issuance of further travel plans set forth by the settlement agreement.

Officials at the Department of the Interior are reviewing the TMP and considering BLM's broader framework for travel management, including implementation of the settlement agreement. These efforts will involve new leadership who need time to get up to speed on the relevant issues, to evaluate policy, and to familiarize themselves with the actions at issue in this litigation. In addition to new leadership that has only recently onboarded, there exist key leadership positions that have not been filled and are presently being addressed by individuals in an acting capacity, most notably, BLM Director. It is appropriate for the Department to have the

time necessary to address these steps and determine how the agency should proceed – including whether the agency will take any steps that may affect the TMP or the issues in this litigation.

Accordingly, Defendants respectfully request that the Court continue the oral argument scheduled for May 22, 2025, for at least 90 days. The proposed continuance will conserve the resources of the Court and the parties, and is in the public interest. Courts have broad discretion to stay proceedings and to defer judicial review in the interest of justice and efficiency. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)); *see also CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *Am. Petroleum Inst. v. EPA*, 683 F.3d 382, 388 (D.C. Cir. 2012) (premature and unnecessary judicial review "would hardly be sound stewardship of judicial resources").

The proposed continuance will not prejudice the parties. The Court's aforementioned ruling on Plaintiffs' motion for preliminary injunction found that continuing implementation of the TMP is not likely to cause Plaintiffs irreparable injury because, in part, there remain substantial opportunities for continuing vehicle access under the TMP and because BLM "has authority, acknowledged in the TMP, to make different future designations, including authorization of use on new or formerly open routes." *BlueRibbon Coal.*, 2024 WL 1197862, at *10.

Undersigned counsel has conferred and provided a copy of this motion with counsel for the other parties to this litigation. Counsel for Plaintiffs BlueRibbon Coalition, et al., and the State of Utah, et al., have indicated that they do not oppose a 90-day continuance of argument.

Counsel for Intervenor-Defendant Southern Utah Wilderness Alliance has indicated that they do oppose the requested continuance and will file a response in opposition.

Respectfully submitted this 15th day of April 2025.

>ADAM R.F. GUSTAFSON
>Acting Assistant Attorney General
>United States Department of Justice
>Environment & Natural Resources Division
>
> */s/ Paul A. Turcke*
>PAUL A. TURCKE
>Trial Attorney
>Natural Resources Section
>1290 West Myrtle Street, Suite 500
>Boise, ID 83702
>Tel: (202) 532-5994
>paul.turcke@usdoj.gov
>
>*Attorneys for Defendants*