Stephen H.M. Bloch (# 7813)
Laura Peterson (# 16135)
Hanna Larsen (# 18458)
SOUTHERN UTAH WILDERNESS ALLIANCE
425 East 100 South
Salt Lake City, Utah 84111
Telephone: (801) 486-3161
steve@suwa.org
laura@suwa.org
hanna@suwa.org

*Attorneys for Defendant-Intervenor
Southern Utah Wilderness Alliance*

**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **BLUERIBBON COALITION** *et al.* and **STATE OF UTAH** *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **U.S. BUREAU OF LAND MANAGEMENT**, *et al.*, <br><br> Defendants, <br><br> and <br><br> **SOUTHERN UTAH WILDERNESS ALLIANCE**, <br><br> Defendant-Intervenor. | Case Nos. 2:23-cv-00923-DAK-JCB (lead) <br> 4:24-cv-00046-DAK-JCB <br><br> **DEFENDANT-INTERVENOR'S RESPONSE IN OPPOSITION TO FEDERAL DEFENDANTS' MOTION TO CONTINUE ORAL ARGUMENT** <br><br> District Judge Dale A. Kimball <br> Magistrate Judge Jared C. Bennett |

In accordance with DUCivR 7-1(a)(4)(D), Defendant-Intervenor Southern Utah Wilderness Alliance (SUWA) submits this response in opposition to Federal Defendants' Motion to Continue Oral Argument, ECF No. 86.

## ARGUMENT

Despite that this case has been fully briefed since March 7, 2025, Federal Defendants Bureau of Land Management *et al.* (BLM), are now seeking at least a 90-day continuance of the oral argument currently scheduled for May 22, 2025. Mot. to Continue 2.

When considering a motion to continue, the Court considers the following factors:

> [1] the diligence of the party requesting the continuance; [2] the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; [3] the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; [4] the need asserted for the continuance and the harm that [the moving party] might suffer as a result of the district court's denial of the continuance.

*Borandi v. USAA Cas. Ins. Co.*, No. 2:13-CV-141 TS, 2015 U.S. Dist. LEXIS 13936, *2 (D. Utah Feb. 4, 2015) (quoting *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987); *see also Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007) (considering the same factors in a civil matter). The weight of each of these factors depends "largely upon the circumstances of the individual case." *Rogers*, 502 F.3d at 1151. "No single factor is determinative and the weight given to any one may vary depending on the extent of the appellant's showing on the others." *West*, 828 F.2d at 1470.

Here, BLM claims it needs a continuance based on the new Trump administration's review of BLM's travel management framework, "including implementation of the settlement agreement," as well as the need for new leadership to "evaluate policy, and familiarize

themselves with the actions at issue in this litigation." *Id.* Considering the late stage of this litigation, these reasons are unavailing. Moreover, contrary to BLM's claims, delaying oral argument on the merits of this case will hinder judicial economy and prejudice SUWA. For these reasons, the Court should deny BLM's Motion to Continue and hold oral argument on May 22, 2025.

I.      **A 90-Day Continuance Does Not Aid in the Trump Administration's Review of BLM's Travel Management Framework**

BLM's primary reason for requesting a 90-day oral argument continuance is because the new administration is evaluating BLM's travel management framework and implementation of the settlement agreement that led to the issuance of the Labyrinth/Gemini Bridges Travel Management Plan (TMP) at issue in this case. Mot. to Continue 2. Put differently, now that a new administration is in office, BLM is considering changing how it handles travel management planning. But that justification is unavailing here because the Labyrinth/Gemini Bridges TMP has been final since September 2023, LGB042024, and BLM has been clearly and unequivocally defending that plan since then and for the entire duration of Plaintiffs' challenge, both before this Court and in the preceding administrative appeals. *See generally* Def.'s Mem. in Opp'n to Mot. for Prelim. Inj., ECF No. 30; Def.'s Mem. in Opp'n to Pls' Mots. for Review of Agency Act, ECF No. 78 (U.S. Opp'n). At this point, any change to BLM's travel management framework made by BLM leadership, including any steps that may affect this TMP, constitutes a politically-charged change in position, not a change on the legality of BLM's Labyrinth/Gemini Bridges TMP decision.

Moreover, BLM's merits brief was filed on January 10, 2025, U.S. Opp'n, meaning that by May 22, 2025, the new administration will have had four months to review this case and

become familiar with BLM's on-the-record defense. The fact that BLM's new leadership has not done so is an unpersuasive reason to delay oral argument. *Cf. Borandi*, 2015 LEXIS 13936 at *2-3 (finding it "unpersuasive" for the purposes of a continuance that the defendant's normal decisionmaker was unavailable and that "a substitute less familiar with the case" was required to attend a settlement conference). Lastly, BLM claims that it needs a 90-day continuance because "there exist key leadership positions that have not been filled…most notably, BLM Director." Mot. to Continue 2. But it is unknown whether such positions will be filled after 90 days, especially considering that the BLM Director is appointed by the President and confirmed by the Senate.[1] 43 U.S.C. § 1731(a); *cf. Masa v. State Farm Mut. Auto. Ins. Co.*, No. 20-cv-1279-WJM-NRN, 2023 U.S. Dist. LEXIS 16212, *6 (D. Colo. Jan. 31, 2023) (holding that the client's availability to attend trial at a later date was unknown and thus weighed against the expressed purpose for the requested continuance). For these reasons, a 90 or more day delay of oral argument on the merits will not aid in BLM's defense of the Labyrinth/Gemini Bridges TMP.

## II.    SUWA Will Be Prejudiced by a 90-Day Continuance

A continuance of oral argument at this late date is inherently prejdical. SUWA, as well as the other parties to the litigation, have invested significant time and resources over the past year in multiple stages of briefing. The case is ready for argument and disposition. BLM has already taken on these same merits questions before the Court in the preliminary injunction briefing and oral argument (as well as the merits briefing). Likewise, the Court has already addressed the

---

[1] President Trump's nominee for BLM Director has withdrawn and, as of the date of this filing, a replacement has not been announced. *See* Lisa Friedman, *A Champion of Oil Ends Her Bid to Lead the Bureau of Land Management*, N.Y. Times, April 10, 2025, https://www.nytimes.com/2025/04/10/climate/kathleen-sgamma-blm.html.

4

same suite of legal claims in its decision denying the Plaintiffs' motion for preliminary injunction. A 90 day or more delay of oral argument will only increase the Court's and the parties' time and resources necessary to resolve the litigation.

**III.     A Continuance Will Only Further Delay the Case, Hindering Judicial Economy**

Courts have a vested interest in ensuring that litigation is resolved in a timely and efficient manner. While the Court has inherent power "to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants," *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936), the Tenth Circuit has emphasized that "the right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Com. v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (internal quotation marks omitted). Notably, none of the cases cited by BLM support its argument for a continuance. Mot. to Continue at 3. Instead, and at best, they stand for the proposition that the Court can manage its own docket. *See, e.g.*, *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998) (quoting *Landis*).[2]

Here, there is no reason to delay oral argument and resolution of this case. As noted above, this case has been fully briefed on the merits since March 7, 2025 and oral argument was calendered March 11th. ECF No. 85. In addition, the parties and this Court first addressed the legal claims in this case in the context of preliminary injunctive relief. In denying such relief, this Court spent considerable time addressing the Plaintiffs' likelihood of success on the merits. *See*

---

[2] Moreover, the facts here are far different than those in *American Petroleum Institute v. Environmental Protection Agency*, also cited by BLM, where the Court held the Appellants' case was prudentially unripe because EPA had started a new rulemaking while the case was pending, and stayed the matter until the new rule was finalized. 683 F.3d 382, 388 (D.C. Cir. 2012).

Mem. Decision & Order Den. Pls.' Mot. for Relief under 5 U.S.C. § 705, or, for a Prelim. Inj., ECF No. 48. Consequently, all parties and the Court are well-positioned to address the merits of the case at oral argument on May 22, 2025. Delaying this case by at least 90 days, when the only remaining obstacle to resolution is oral argument, does not promote judicial economy and resources.

**IV.    BLM is Not Harmed if the Continuance is Denied**

Finally, BLM will not be harmed if its Motion to Continue is denied due to the late stage of this litigation. As explained above, this case is fully briefed on the merits and also underwent briefing and argument regarding preliminary injunctive relief. As a result, BLM has had two opportunities to thoroughly argue and defend the Labyrinth/Gemini Bridges TMP, which it did. Oral argument is the only remaining step of the case prior to the Court's decision and is intended to give parties an opportunity to further explain arguments and answer questions from the Court. *See Kennedy v. Lockyer*, 379 F.3d 1041, 1058 (9th Cir. 2004) (Fisher, J., concurring) ("Oral argument – as this court routinely makes clear to counsel – is an opportunity for the court to ask questions, often to give counsel a chance to address a particular judge's tentative conclusions to clarify or even persuade the judge to change his or her mind."); *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 150 (6th Cir. 1996) (acknowledging that "the primary purpose of oral argument is for the judge to ask questions"). It is not intended to allow parties to change their position or assert new (unbriefed) arguments. BLM's arguments, as articulated in its briefs, are unaffected by the agency's ongoing leadership changes and policy-based reassessment of its travel management planning framework, *see* Mot. to Continue 2, as those are forward-looking changes that may affect future travel management planning decisions.

## CONCLUSION

For the foregoing reasons, the Court should deny the Defendants' Motion to Continue Oral Argument.

Respectfully Submitted April 25, 2025.

                                                */s/ Hanna Larsen*
                                              Hanna Larsen
                                              Stephen Bloch
                                              Laura Peterson

                                              *Attorneys for Defendant-Intervenor*
                                              *Southern Utah Wilderness Alliance*