ADAM R.F. GUSTAFSON
Acting Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

PAUL A. TURCKE
Trial Attorney
Natural Resources Section
1290 West Myrtle Street, Suite 500
Boise, ID 83702
Tel: (202) 532-5994
paul.turcke@usdoj.gov

*Attorneys for Federal Defendants*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BLUERIBBON COALITION, INC., *et al.*, <br><br>and<br><br> STATE OF UTAH, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>U.S. BUREAU OF LAND MANAGEMENT,  *et al.*,<br><br>    Defendants,<br><br>and<br><br>SOUTHERN UTAH WILDERNESS ALLIANCE,<br><br>    Intervenor-Defendant. | Case Nos.  2:23-cv-00923-DAK (lead)<br>                  4:24-cv-00046-DAK<br><br><br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO CONTINUE ORAL ARGUMENT**<br><br><br><br>District Judge Dale A. Kimball<br>Magistrate Judge Jared C. Bennett |

Defendants U.S. Bureau of Land Management, et al. ("BLM"), have moved to continue the scheduled May 22, 2025, oral argument for not less than 90 days. *See* Dkt. 86 ("Motion"). None of the Plaintiffs in these consolidated cases oppose the Motion, but Intervenor-Defendant Southern Utah Wilderness Alliance ("SUWA") has filed a response in opposition, Dkt. 88 ("SUWA Opp'n"). Defendants have demonstrated that the requested continuance is justified, will neither inconvenience nor cause prejudice to SUWA, and may serve judicial economy. The Court should exercise its broad discretion to grant the motion.

Defendants do not dispute that in resolving a motion to continue the Court should consider "the diligence of the party requesting the continuance; the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; the need asserted for the continuance and the harm that [movant] might suffer as a result of the district court's denial of the continuance." *United States v. West*, 828 F.2d 1468, 1470 (10th Cir. 1987); *see also* SUWA Opp'n at 2. "No single factor is determinative and the weight given to any one may vary depending on the extent of the appellant's showing on the others." *West*, 828 F.3d at 1470. A court "has broad discretion in matters of continuances[.]" *SEC v. Goldstone*, No. CIV 12-0257 JB/GBW, 2016 U.S. Dist. LEXIS 96780, at *62 (D.N.M. June 27, 2016).

BLM has exercised appropriate diligence in seeking the continuance. SUWA does not expressly state otherwise but discounts the request because it comes at a "late stage of this litigation" during which BLM has "clearly and unequivocally" defended the challenged BLM decision. SUWA Opp'n at 3. But whether BLM proceeded in one fashion under prior leadership fails to address the salient question of whether new leadership is entitled to consider whether to

2

proceed in that same fashion. SUWA suggests that four months was ample time for this task, but SUWA's position, aside from lacking any supporting authority, ignores the reality and increasing complexity of the transition process.[1] Regardless, the notice setting argument issued on March 11 and BLM filed the Motion a little over one month later. There is no basis for finding that BLM failed to proceed with diligence in filing the Motion.

Granting the motion will plainly serve BLM's purpose in seeking the continuance – to allow "new leadership" following a change in administration "to get up to speed on the relevant issues, to evaluate policy, and to familiarize themselves with the actions at issue in this litigation." Motion at 2. Again, SUWA mistakenly emphasizes BLM's defense of the challenged decision at earlier stages of the litigation and concludes that the requested continuance "will not aid BLM's defense of the Labyrinth/Gemini Bridges TMP." SUWA Opp'n at 4. This misses the point; the Motion plainly states that BLM seeks the continuance not to improve upon its previously asserted position, but rather to consider whether to diverge from it. Put differently, BLM is not seeking to change its legal position or insert new arguments, but is instead considering whether to change its substantive position on any of the challenged route designations. This strikes at the heart of SUWA's opposition, that BLM may be contemplating "a politically-charged change in position[.]" SUWA Opp'n at 3. There is nothing inherently unlawful about an agency changing policy or reaching a new decision in response to, or during, litigation. *See FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515-16 (2009); *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1037-38 (D.C. Cir. 2012). Indeed, "shifting of the policy

---

[1] The Secretary of the Interior was confirmed by the Senate and began service in February, but the Deputy Secretary and Department of the Interior Solicitor are awaiting confirmation. Additionally, the initial nominee for BLM Director withdrew from consideration in advance of a committee hearing, and a second nominee has not yet been named.

goalpost" often occurs shortly before and/or after a change in administration. *Qwest Corp. v. FCC*, 689 F.3d 1214, 1228-31 (10th Cir. 2012); *see also S. Utah Wilderness All. v. U.S. Dep't of the Interior*, No. 2:19-CV-00297-DBB, 2021 WL 1222158, at *10 (D. Utah Mar. 31, 2021), *aff'd*, 44 F.4th 1264 (10th Cir. 2022) (rejecting argument that BLM improperly changed its position, without explanation).[2]

Given the posture of the case, a continuance may be the most appropriate means by which BLM can properly reevaluate how it wants to proceed in this litigation. As the aforementioned cases indicate, it is well within an agency's prerogative to evaluate a change in policy under new leadership. But it seems equally clear that it would be improper for counsel to serve as the mechanism for asserting any such change during the upcoming argument. *See Black Hill Holdings, LLC v. City of St. George*, No. 2:24-CV-00106-TC-CM, 2025 WL 213131, at *21 (D. Utah Jan. 16, 2025) ("The court will not entertain argument inappropriately raised 'for the first time at oral argument.'") (quoting *United States v. Malone*, 10 F.4th 1120, 1125 (10th Cir. 2021)). Continuing the argument is the best way to allow BLM to determine how it wishes to proceed in this litigation.

The final factors, inconvenience and/or harm to the parties, similarly militate in favor of granting the Motion. SUWA claims it will suffer prejudice from a 90-day continuance because it has "invested significant time and resources over the past year in multiple stages of briefing" and that a continuance "will only increase" this expenditure of time and resources. SUWA Opp'n at 4-5. But SUWA does not explain how a continuance will require it to do anything. And SUWA

---

[2] BLM rejects any suggestion that a change in position will be "politically-charged." SUWA Opp'n at 3. In any event, SUWA will have the opportunity, upon satisfying relevant jurisdictional requirements, to challenge any subsequent final agency action effectuating a BLM change in position, should one occur.

ignores the Motion's point that the Court's preliminary injunction ruling was favorable to SUWA because the challenged decision has remained in effect, including during any continuance. *See* Motion at 3. In fact, SUWA glosses over the fact that objections to a continuance typically come from a plaintiff seeking to avoid further delay of their proverbial day in court, or parties who will be deprived of the value of a tangible investment in the occurrence of the subject proceeding on the scheduled date. *See Borandi v. USAA Cas. Ins. Co.*, No. 2:13-CV-141 TS, 2015 U.S. Dist. LEXIS 13936, at *2-4 (D. Utah Feb. 4, 2015) (plaintiffs objected to continuing a settlement conference and would suffer financial loss in changing travel plans); *Goldstone*, 2016 U.S. Dist. LEXIS at *66-68 (case was "ready to go to trial" and "it is unrealistic to move a trial a month or two weeks without wrecking everyone's schedules for the rest of the summer or longer."). There are no such consequences associated with moving the videoconference argument here, and SUWA provides no authority for the proposition that an intervenor-defendant in administrative review proceedings can singularly prevent a continuance to which the primary parties have consented.

SUWA is further mistaken in suggesting that it will serve the Court's "vested interest" in resolving the case(s) because "the only remaining obstacle to resolution is oral argument[.]" SUWA Opp'n at 5-6. Once argument occurs, the Court will face the not trivial task of crafting an opinion. And it seems more likely than not that an appeal might follow in a dispute of this nature. Proceeding along this pathway in the face of a possible change in agency position raises an undue prospect of unnecessary effort, for subsequent agency action modifying the challenged BLM decision could lead to dismissal of the cases or otherwise result in vacatur of this Court's opinion. *See, e.g., Wyoming v. U.S. Dep't of the Interior*, Nos. 20-8072, 20-8073, 2024 U.S. App. LEXIS 20310 (10th Cir. Aug. 13, 2024) (vacating district court judgment in long running

5

litigation over a rule that was superseded by a new rule while the cases were on appeal). Under these circumstances, a continuance may afford the most efficient use of resources for both the parties and the Court.

For the foregoing reasons, the Court should grant the Motion and continue oral argument for not less than 90 days.

Respectfully submitted this 8th day of May 2025.

        ADAM R.F. GUSTAFSON
        Acting Assistant Attorney General
        United States Department of Justice
        Environment & Natural Resources Division

        */s/ Paul A. Turcke*
        PAUL A. TURCKE
        Trial Attorney
        Natural Resources Section
        1290 West Myrtle Street, Suite 500
        Boise, ID 83702
        Tel: (202) 532-5994
        paul.turcke@usdoj.gov

        *Attorneys for Defendants*