IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| **BLUERIBBON COALITION, INC., PATRICK MCKAY; and COLORADO OFFROAD TRAIL DEFENDERS,**<br><br>Plaintiffs,<br><br>v.<br><br>**U.S. BUREAU OF LAND MANAGEMENT, U.S. DEPARTMENT OF THE INTERIOR,**<br><br>Defendants.<br><br>and<br><br>**SOUTHERN UTAH WILDERNESS ALLIANCE,**<br><br>Defendants-Intervenor. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:23-CV-923-DAK-JCB<br><br>Judge Dale A. Kimball<br><br>Magistrate Judge Jared C. Bennett |

This matter is before the court on Defendants' Motion to Continue Oral Argument for at least 90 days while the agency undergoes a transition with the new administration. Plaintiffs do not oppose Defendants' motion. However, Intervenor-Defendant Southern Utah Wilderness Alliance opposes the continuance of oral argument .

When considering a motion to continue, the court considers: (1) the requesting party's diligence; (2) if the party's need for the continuance is likely to be accomplished; (3) any resulting inconvenience to the opposing party, witnesses, or the court; and (4) any harm the moving party might suffer without a continuance. *See Rogers v. Andrus Transp. Servs.*, 502 F.3d 1147, 1151 (10th Cir. 2007). The unique circumstances each case presents will dictate the weight the court

1

gives give each factor. *Id.*

With respect to BLM's diligence, SUWA mentions that the case is at a late stage and that the new administration has not moved quickly enough to assess its position. While a preliminary injunction has been denied and the parties have briefed the appeal, there is still a significant amount of work to be done in the case and a potential appeal of this court's decision. The Secretary of the Interior was confirmed in February, but the Department of the Interior Solicitor is awaiting confirmation. In addition, the nominee for BLM Director withdrew from consideration and a new nominee has not been named. The matter has been briefed during this time, making the case ready for oral argument. But BLM timely moved to continue the hearing after the court set the matter for oral argument. Therefore, the court does not find a lack of diligence on BLM's part.

The continuance will allow BLM time to assess its position with respect to defending the travel management plan. SUWA argues that BLM's request for a continuance is based on the new administration's potential desire to change its support of the travel management plan for political reasons, not legal reasons. But this happens with every new administration. Changes in policy are a reality that the court cannot prevent. The court is unaware of any case that allow it to force the new administration to adhere to the prior administration's positions. Moreover, if the parties and court go forward with the oral argument and the court upholds the travel management plan, it could all be for naught if BLM reverses its position and decides not to defend it on appeal. That unnecessary effort is the definition of judicial inefficiency. The requested continuance prevents such inefficiencies.

SUWA claims it will be prejudiced if oral argument is continued because the parties have invested time in briefing the issues before the court. But SUWA and BLM did not waste time in briefing the preliminary injunction, which included substantial arguments with respect to the

likelihood of success on the merits. SUWA and BLM were successful on the preliminary injunction and the travel management plan remained in place in all aspects. Although BLM and SUWA had to re-brief their positions on the merits, SUWA's position with respect to the travel management plan is not being prejudiced during the continuance. The travel management plan will continue to remain in place during the requested continuance. Therefore, the court does not find any significant prejudice to SUWA.

Accordingly, the court concludes that the factors weigh in favor of granting BLM's requested 90-day continuance of the oral argument. BLM's motion [ECF No. 86] is granted. The court, therefore, vacates the oral arguments set for May 22, 2025, and reschedules oral argument to August 20, 2025, at 2:00 p.m.

DATED this 13th day of May 2025.

BY THE COURT:

_____
DALE A. KIMBALL,
UNITED STATES DISTRICT JUDGE