ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

PAUL A. TURCKE
Trial Attorney
Natural Resources Section
1290 West Myrtle Street, Suite 500
Boise, ID 83702
Tel: (202) 532-5994
paul.turcke@usdoj.gov

*Attorneys for Federal Defendants*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BLUERIBBON COALITION, INC., *et al.*, <br><br>and<br><br>STATE OF UTAH, *et al.*,<br><br>    Plaintiffs,<br><br>v.<br><br>U.S. BUREAU OF LAND MANAGEMENT, *et al.*,<br><br>    Defendants,<br><br>and<br><br>SOUTHERN UTAH WILDERNESS ALLIANCE,<br><br>    Intervenor-Defendant. | Case Nos.  2:23-cv-00923-DAK (lead)<br>                  4:24-cv-00046-DAK<br><br><br><br>**DEFENDANTS' UNOPPOSED MOTION TO STAY PROCEEDINGS**<br><br><br><br><br>District Judge Dale A. Kimball<br>Magistrate Judge Jared C. Bennett |

These consolidated cases challenge the U.S. Bureau of Land Management ("BLM") Labyrinth/Gemini Bridges Travel Management Plan ("TMP"). Defendants hereby move for an order staying further proceedings in anticipation of a new BLM decision concerning route designations covered by the TMP. Plaintiffs do not oppose this motion; Intervenor-Defendant Southern Utah Wilderness Alliance takes no position on this motion.

The TMP is one of a series of actions arising within six Utah BLM field offices relating to a dispute arising in 2008. *See* Mem. Decision and Order, Dkt. 48, 2024 WL 1197862, at *1 (D. Utah March 20, 2024). Underlying litigation initiated in 2008 was resolved "through a settlement agreement that this court approved, and the Tenth Circuit affirmed." *Id*. The TMP reflects BLM's ongoing effort to address the framework and schedule for issuance of further travel plans set forth by the settlement agreement. That long-running effort has now spanned several changes in administration. Defendants have previously advised that agency leadership installed in early 2025 under the current administration has been evaluating this TMP (and others) in an effort to "determine how the agency should proceed – including whether the agency will take any steps that may affect the TMP or the issues in this litigation." Defs.' Mot. to Continue Oral Argument 2-3, Dkt. 86. The Court concluded that the requested continuance was appropriate to "allow BLM time to assess its position with respect to defending the [TMP]" and would avoid "judicial inefficiency" associated with proceeding to a judgment in the current litigation which "could all be for naught if BLM reverses its position[.]" Mem. Decision and Order 2, Dkt. 91. The Court then granted a further request for continuance and "[t]he pending motions for review of agency action [have been] terminated on the court's docket" subject to being "restored when the parties are ready to proceed with them." Order, Dkt. 95.

BLM has recently taken steps that are likely to result in new agency action formalizing a change in position on aspects of the TMP. On September 24, 2025, BLM published TMP "route reassessment" materials to its Eplanning website. *See* https://eplanning.blm.gov/eplanning-ui/project/2001224/570 (last visited December 2, 2025). More specifically, "BLM is reassessing whether certain routes currently designated as closed or limited to off highway vehicles should be redesignated as open to OHV use" through a process including a comment period that ended on October 24, 2025. *See id.*, BLM Public Announcement (attached hereto as Exhibit 1). "If BLM concludes that any designations should change, the agency will issue a new decision amending the [TMP]." *Id.* A published list of "routes proposed for redesignation" includes over 200 route segments, totaling approximately 148.24 miles. *See* Exhibit 2 hereto.

Rather than restoring the motions for review of agency action that this Court previously terminated, Dkt. 95, Defendants request that the Court stay further proceedings. The proposed stay will conserve the resources of the Court and the parties, and is in the public interest. Courts have broad discretion to stay proceedings and to defer judicial review in the interest of justice and efficiency. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 n.6 (1998) (quoting *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)); *see also CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962); *Am. Petroleum Inst. v. EPA*, 683 F.3d 382, 388 (D.C. Cir. 2012) (premature and unnecessary judicial review "would hardly be sound stewardship of judicial resources"). The route reassessment process raises the possibility of meaningful changes to the TMP. A stay is appropriate because those potential changes may lead to dismissal of the current litigation and/or realignment of the parties' positions on the TMP. Meanwhile, a stay

would not cause prejudice to any party because, as the Court has already concluded, "[t]he [TMP] will continue to remain in place" during any stay. Mem. Decision and Order 3; *see also* Exhibit 1 ("All 2023 [TMP] routes designations will remain in effect during the reassessment process.").

Defendants propose to file a status report within five days of the issuance of a decision in the route reassessment process, or within 60 days of an order granting this motion, whichever occurs first.

Undersigned counsel has conferred with counsel for the other parties to this litigation. Counsel for Plaintiffs BlueRibbon Coalition, et al., and the State of Utah, et al., have indicated that they do not oppose this motion. Counsel for Intervenor-Defendant Southern Utah Wilderness Alliance has indicated that it takes no position on this motion.

Respectfully submitted this 2nd day of December 2025.

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
United States Department of Justice
Environment & Natural Resources Division

 */s/ Paul A. Turcke*
PAUL A. TURCKE
Trial Attorney
Natural Resources Section
1290 West Myrtle Street, Suite 500
Boise, ID 83702
Tel: (202) 532-5994
paul.turcke@usdoj.gov

*Attorneys for Defendants*